GUARANTY TRUST COMPANY OF NEW YORK and Others, as Executors of the Estate of EMANUEL LEVI, Deceased, Plaintiffs, *v.* NATIONAL SURETY COMPANY and Another, Defendants.

Supreme Court, New York County, February 10, 1928.

**Undertakings — cancellation — action to cancel undertaking given by third person to open default and for return of securities deposited by plaintiffs' testator — nothing has been done in prior action for four years and it will not be prosecuted — undertaking canceled and collateral securities returned — premiums due on bond constitute offset — defendant surety company not required to pay interest.**

In 1923 an action was commenced against several defendants, but the only one to be served defaulted and on a motion to open the default the defendant surety company executed an undertaking for $3,000. In order to induce the defendant surety company to furnish the undertaking the plaintiffs' testator deposited with it securities of the value of $1,500. The defaulting defendant in the prior action has died insolvent and not only has no effort been made to prosecute that action, but the evidence indicates that none will be made.

This action, brought by the executors of the person depositing the securities as collateral, is for the purpose of having the securities returned and as a necessary incidental preliminary relief the cancellation of the undertaking furnished by the defendant surety company. The plaintiff in the prior action was made a defendant in this action, but has defaulted.

The plaintiffs herein are entitled to the equitable relief demanded since it appears that probably the prior action will not be prosecuted, that the plaintiff therein has failed to appear herein and contest this action, and that while the undertaking stands the plaintiffs herein are required to pay sixty dollars per year premium which eventually will exhaust the securities deposited.

The defense by the defendant surety company, that it cannot be released from its liability without conclusive written evidence of the termination thereof, will be satisfied by a judgment in this action in which the plaintiff in the prior action is a party defendant.

The defendant surety company is entitled to offset accrued premiums, and the plaintiffs herein are not entitled to interest on the securities deposited since there was no agreement to that effect and no proof that the collateral was withheld willfully.

ACTION by plaintiffs to obtain return of collateral deposited by their testator and for the cancellation of an undertaking furnished by the defendant.

*Howard R. Bayne* [*William S. Savage* of counsel], for the plaintiffs.

*Frederick W. Hamberg,* for the defendant National Surety Company.

*Jacob L. Grubel,* for the defendant I. D. Noll & Co., Inc.

TIERNEY, J. In the month of July, 1923, I. D. Noll & Co., Inc., commenced an action in this court against one Jesse B. Levy and others to recover damages because of the alleged fraud and deceit of the defendants in representing the value of certain corporate stock, whereby said I. D. Noll & Co., Inc., was induced to enter into a contract for the marketing and sale of such stock. The only defendant in that action, who was served with the summons and complaint therein, was Jesse B. Levy, who defaulted. He made an application to open his default, which was granted upon certain conditions, including the furnishing of a surety company undertaking. On or about May 1, 1924, the National Surety Company, one of the defendants in this action, executed its bond in the sum of $3,000, indemnifying I. D. Noll & Co., Inc., for any recovery that might be obtained upon the trial of its action. To induce the surety company to execute the undertaking, one Emanuel Levi, the plaintiffs' testator in this action, deposited with the National Surety Company cash collateral in the sum of $1,500. On October 13, 1924, Emanuel Levi died, leaving a last will and testament, which was admitted to probate in the Surrogate's Court of the county of Richmond, State of New York, and the plaintiffs in this action were appointed executors thereunder. On

August 31, 1925, Jesse B. Levy died, a resident of the State of Texas, leaving a last will and testament, which has never been filed for probate, for the apparent reason that he died insolvent. The Noll action abated by his death, and, although the cause of action may have survived, the action has not been revived, and probably never will be.

The plaintiffs have commenced this action in equity to obtain the return of the collateral deposited by their testator, and as necessary incidental and preliminary relief ask for a cancellation of the undertaking furnished by the National Surety Company in the action of I. D. Noll & Co., Inc., against Jesse B. Levy and others. I. D. Noll & Co., Inc., was served with the summons and complaint in this action, but defaulted in answering the amended complaint and in appearance on the trial. The history of the action of I. D. Noll & Co., Inc., against Jesse B. Levy and others indicates that the plaintiff has no serious intention of prosecuting it; no steps having been taken by it since the default of Jesse B. Levy was opened. So far as appears from the record, none of the other defendants has been served with process in the four years that have elapsed since the commencement of the action. During that time four annual premiums of sixty dollars each have accrued under the agreement with the surety company for the furnishing of the undertaking, only the first of which has been paid. Unless the plaintiffs be accorded equitable relief in the premises, the collateral which has already been tied up for almost four years is apt to so remain, with the possibility of its being entirely consumed by the accumulation of the annual premiums of sixty dollars each.

Surely there must be a remedy for such a situation. All that the surety company undertook was to indemnify I. D. Noll & Co., Inc., for any recovery that might be obtained upon the trial of its action. In a situation such as exists here a court of equity may take cognizance of the fact that there may never be a trial. The estate of Jesse B. Levy appears to be insolvent; a legal representative, who might be substituted in his place as a defendant, has not been appointed; none of the other defendants has been served with the summons and complaint therein, and nothing has been done by the plaintiff for almost four years. It would seem that this is peculiarly a case for the exercise of the equitable powers of the court. The defense of the National Surety Company, the only defendant now in this action, is that, while it is very anxious to terminate its liability under this undertaking and relieve itself of a $3,000 potential liability, when it has collateral of only $1,500, such result cannot be accomplished, because the action of I. D. Noll & Co., Inc., is still pending, and a cancellation of the undertaking by a judgment

of this court would be of no binding effect upon it. As already pointed out, I. D. Noll & Co., Inc., has not prosecuted its action with due diligence, and has defaulted in the action brought against it and the National Surety Company by these plaintiffs as executors. The argument of such defendant, that the words " any recovery " appearing in the undertaking, are sufficiently broad to mean and include judgments against any of the other defendants is without force. The only person the surety company undertook to answer for was Jesse B. Levy.

Another defense of the defendant surety company is that under its receipt delivered to Emanuel Levi the collateral deposited by him cannot be released without the delivery to it of conclusive written evidence of the termination of its liability on its undertaking. Such evidence may be a judgment in this action in which I. D. Noll & Co., Inc:, is a party. Upon the pleadings and the proofs, the court is of the opinion that the plaintiff is entitled to the equitable relief sought by this action. But, under the well-known equitable maxim that those who seek equity must do equity, the defendant National Surety Company will be allowed to offset the amount due it for accrued premiums. No interest will be awarded to the plaintiff, as there is no proof of an agreement to pay the same, nor can it be said that the collateral was willfully withheld by the defendant surety company, its undertaking having remained in force.

Judgment is awarded, directing the cancellation of the undertaking and the release of the collateral to the plaintiffs, subject to an offset for the accrued premiums. Settle decision and judgment on notice to both defendants.